IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SIEMENS INDUSTRY, INC.                                                              PLAINTIFF/
                                                                                                  COUNTER-DEFENDANT

vs.                                   NO. 5:15-cv-00127 DPM/JTK

CITY OF MONTICELLO, ARKANSAS                                                DEFENDANT/
                                                                                                  COUNTER-CLAIMANT

vs.

SIEMENS A.G.                                                                          THIRD-PARTY DEFENDANT

### CITY OF MONTICELLO'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rules 7.2 and 56.1, and the provisions of the Court's Amended Final Scheduling Order, the City of Monticello (herein "City") submits the following statement of material facts as to which it contends there is no genuine dispute to be tried.

1.   The City is a municipal political subdivision of the State of Arkansas. *See* R. Doc. 7 at page 1; *see also* R. Doc. 12 at page 2.

2.   The City and Siemens Industry, Inc. (herein "Siemens") executed a contract entitled Performance Contracting Agreement dated September 19, 2013 (herein "contract"). *See* Exhibits 1 and 2.[1]

3.   Under the contract terms, Siemens agreed to construct/install water meter and line

---

[1] All references to Exhibits are to the Exhibits to the City's present Motion For Partial Summary Judgment.

-1-

improvements in the City in exchange for a total price of $10,112,651.22. *See* Exhibit 1, at page 31.

4. The City issued $10 Million in revenue bonds pursuant to Title 14, Chapter 164, Subchapter 4 of the Arkansas Code of 1987 Annotated, and other authorities, to finance the cost of constructing/installing the water meters and lines covered by the contract. *See* Exhibit 9, at page 5-6.

5. The term of the revenue bonds referenced in Paragraph 4 above was for 30 years. *See* Exhibit 9 at page 7.

6. The work and material to be provided by Siemens under the contract was not competitively bid. *See* Exhibit 4.

7. The contract does not contain the terms prescribed by Ark. Code Ann. § 14-164-402(15)(D). *See* Exhibits 1 and 2.

8. Siemens has not guaranteed to the City the aggregate amount of efficiency savings to be derived by the City from the water meter/line construction project covered by the contract by providing in favor of the City a letter of credit issued by a federally insured banking institution, an amount of cash equal to the aggregate projected efficiency savings to be placed in escrow with an independent escrow agent, or a multiyear surety bond insuring the aggregate amount of efficiency savings guaranteed by Siemens in the contract that will remain in force throughout the term of the revenue bonds issued by the City to finance the costs and expenses associated with constructing/installing the water meters and lines covered by the contract. *See* Exhibits 1, 2, 5 at pages 2-3, 6 at pages 1-2, 7 at page 2, and 8.

9. Siemens does not have an investment-grade credit rating as established in

writing addressed to the City by an independent third-party credit rating agency.  *See* Exhibit 18.

10.     The contract does not contain the terms prescribed by Ark. Code Ann. § 14-164-402(15)(E).  *See* Exhibits 1 and 2.

11.     The contract terms do not require Siemens to measure and value all of the efficiency savings promised by Siemens to the City in the contract through utilization of the International Performance Measurement and Verification Protocol (herein "IPMVP") throughout the 30 year term of the revenue bonds issued by the City to finance the costs and expenses associated with the construction/installation of the water meter and lines covered by the contract.  *See* Exhibit 1 at pages 5, 6, 34, 36, 37, 45, 46, and 47.

12.     The contract terms provide for determining the amount of efficiency savings by methodologies other than use of the IPMVP.  *See* Exhibit 1 at pages 6 and 34 ¶ 1.5.

13.     The contract terms provide for determining the amount of efficiency savings known as Operational Savings by agreement.  *See* Exhibit 1 at pages 6, 36, 37, 45, 46 and 47.

14.     The contract defines Operational Savings as Stipulated Savings.  *See* Exhibit 1 at page 5.

15.     The contract states that Stipulated Savings are agreed upon in advance by the Parties and cannot be changed.  *See* Exhibit 1 at page 6.

16.     The contract terms respecting Operational Savings provide for same to be measured or monitored only during the first year of the performance guarantee period.  *See*

Exhibit 1, at pages 36, 37, 46 and 47.

     17.    The term of the revenue bonds issued by the City to finance the construction/installation of the water meter/line improvements extend beyond the first year of the performance guarantee period.  *See* Exhibit 9, at pages 5, 6 and 7, *and* Exhibit 1, at pages 33, *et seq.*

                                    Respectfully submitted,

                                    GIBSON & KEITH, PLLC
                                  Attorneys For City of Monticello
                                  119 South Main Street
                                  Post Office Drawer 447
                                  Monticello, AR   71657
                                  Phone: 870/367-2438
                                  Fax:    870/367-8306

                                  By:     */s/ C. C. Gibson, III*
                                        C. C. Gibson, III
                                        Ark. Bar No. 81067
                                        E-Mail: ccgiii@gibsonandkeith.com

                                  By:     */s/ Lee D. Curry*
                                        Lee D. Curry
                                        Ark. Bar No. 2014153
                                        E-Mail: ldc@gibsonandkeith.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 31, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in this case.

                                            */s/ C. C. Gibson, III*
                                            C. C. Gibson, III