UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

PINE BLUFF DIVISION

| | | |
|---|---|---|
| SIEMENS INDUSTRY, INC. | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO: 5:15-CV-00127 DPM-JTK |
| | * | |
| VERSUS | * | JUDGE MARSHALL |
| | * | |
| CITY OF MONTICELLO, ARKANSAS | * | MAGISTRATE KEARNEY |
| | * | |
| Defendant | * | |

**********************************

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL

WHEREAS Plaintiff and Counterclaim Defendant Siemens Industry, Inc. ("Siemens Industry"), Defendant and Counterclaimant the City of Monticello ("the City"), and Counterclaim Defendant Siemens AG have served discovery requests on each other, including an FOIA request made by Siemens Industry on the City;

WHEREAS, certain of the responsive documents contain confidential material, including what the Parties contend to be privileged or work product protected communications and materials concerning the pending action, and of which the City contends disclosure would seriously impair the ability of the City to conduct this Litigation in the public interest; and

WHEREAS Siemens Industry, the City, and Siemens AG (collectively the "Parties") have agreed to the entry of this Protective Order to facilitate and expedite discovery in this action and to provide for a fair and orderly disposition of the Litigation;

It is, therefore, HEREBY ORDERED as follows:

1.      Any documents (which shall have the broadest possible meaning and include information memorialized in any way, including in paper or electronic format), data and information, answers to interrogatories, deposition transcripts, answers to deposition questions, responses to requests for admission, affidavits, and such other materials and information as may be provided by the Parties or other persons during the course of discovery in this Litigation, including pages of documents or divisible parts of other materials, may be designated as "Confidential" under the terms of this Protective Order.

2.      The Parties shall, for any documents believed in good faith to contain confidential material, designate the same by marking "CONFIDENTIAL" prominently on the face of all documents containing the information.  All documents designated "Confidential" and produced by the Parties, and all information contained therein, shall be deemed "Confidential Information" pursuant to the Protective Order.

3.      All oral deposition testimony shall be treated as Confidential Information and subject to this Protective Order for thirty (30) days after counsel for each of the Parties has received the transcript of the deposition.

4.      Any person may, on the record at the deposition, designate portions of oral testimony, or the testimony in its entirety, as Confidential.  In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of Confidential Information, the question shall nonetheless be answered by the witness fully and completely. When any document or other material designated as Confidential is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit is Confidential pursuant to this Protective Order. Before the witness answers or the document is introduced, however, all persons present who are not otherwise bound by this

Protective Order, other than the witness, shall leave the room during the time in which Confidential Information is disclosed or discussed. No deposition exhibit marked as Confidential shall be provided to any person who is not specified in paragraph 6 for Confidential Information.

5.      Alternatively, counsel for the designating party may designate an entire transcript or designate specific pages and lines of the transcript or video recording of the deposition as Confidential by notifying counsel for the Parties and other attendees of the deposition in writing within thirty (30) calendar days of receipt of the transcript or video recording of such deposition. If within thirty (30) calendar days of receipt of the transcript or video recording of such deposition no person timely designates the transcript or recording, or any portion thereof, as Confidential, then the transcript and any recording shall not thereafter be subject to this Protective Order. Deposition exhibits that are marked as "CONFIDENTIAL" will continue to be protected without further designation, and the continued protection of such exhibits will not be dependent upon the transcript, or any portion thereof, being designated as Confidential. Separately-bound transcripts of those portions of the deposition testimony and exhibits that are designated as Confidential shall be made and the cover shall be marked with the "CONFIDENTIAL" designation. If any portion of any transcript so marked is required to be filed with the Court, it shall be filed using the procedures set forth in paragraph 11.

6.      All Confidential Information produced by the Parties shall be used only for the purposes of this action (including discovery, hearings, trials, and appeals ) and may be disclosed only to:

(i)      Counsel for the parties to the action who are actively engaged in the conduct of the action including partners, associates, law clerks, paralegals, secretaries, translators and stenographers employed by the parties' counsel;

(ii)   The parties or representatives of the parties to the action whose participation in the action is deemed necessary by their respective counsel of record, including city council members of the City of Monticello, but only after the city council's participation in this action has been deemed necessary by its counsel of record and only during a closed session of the city council solely for purposes of providing legal advice;

(iii)  Employees of copy services to the extent necessary to copy the information;

(iv)   Deposition witnesses, to the extent necessary for the witnesses' preparation for testimony, or during the deposition itself;

(v)    Experts or consultants actually hired or retained by the parties to the action, who in the ordinary course of their retention are required to review the information to prepare or formulate opinions or conclusions;

(vi)   Court officials involved in this Litigation, including but not limited to court reporters and persons monitoring video equipment at depositions;

(vii)  Members of the Jury in open Court at trial; and

(viii) Any person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

7.      No person receiving Confidential Information produced by the Parties shall reveal or discuss such Confidential Information with any person who is not entitled to disclosure of such materials under Paragraph 6 hereof for Confidential Information or use such documents or other information for any purpose other than this action.

8.      Each person given access to Confidential Information produced by the Parties shall be advised that the Confidential Information is being disclosed pursuant to and subject to

the terms of this Protective Order and may not be disclosed other than pursuant to the terms of this Protective Order.

9.      If the Parties disagree at any stage of these proceedings with the designation of any material as Confidential, the Parties shall try first to resolve such disputes in good faith between themselves.  If the dispute cannot be resolved, the Court may hear a motion on the matter.  Pending resolution of any motion filed pursuant to this paragraph, all parties and other persons bound by this Order shall continue to treat the disputed material as Confidential Information until the issue is resolved by the Court.

10.      A Party's failure to contest the designation of any material as Confidential at any point in this Litigation will not operate as a waiver of protection or of that Party's ability to contest such designation at a later date.  Any person who is notified that Confidential Information has been inadvertently produced shall treat the information as subject to this Protective Order unless and until the Court determines that such designation does not apply. Such receiving person shall make reasonable efforts to notify all other persons to whom it has provided the Confidential Information that such material shall be treated and handled in accordance with this Protective Order. However, the receiving person shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

11.      The Parties may file under seal in a manner consistent with the applicable rules of civil procedure and rules of this Court all transcripts of depositions, exhibits, responses to interrogatories or requests for admissions, affidavits, briefs, memoranda of law, or other documents filed with the Court in this action which reproduce or otherwise disclose Confidential Information except when it is practicable to redact any Confidential Information under Fed. R. Civ. Proc. 5.2.

12.     Within sixty days after the final resolution of this Litigation, all Confidential Information produced by the Parties, and all copies thereof, including but not limited to, any notes or other transcriptions made therefrom, shall be returned to the Parties or, in lieu thereof, shall be discarded in a manner designed to prevent the information from being disclosed.

13.     The attorneys of record and parties in this action are responsible for employing reasonable measure to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Confidential Information produced by the Parties.

14.     This Protective Order shall not affect the Parties' rights concerning discovery or any applicable objections, privileges or immunities in this action.

15.     Nothing herein shall prevent the Parties from seeking further and greater protection with respect to the use of any documents being produced by the Parties in discovery.

16.     This Protective Order shall be binding on the Parties and their counsel and anyone granted access to any Confidential Information produced by the Parties in discovery.

17.     The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this Litigation and shall be binding on all Parties and Signatories for a period of one year following final resolution of this Litigation unless the Protective Order is earlier terminated or modified in writing by the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order,  during the pendency of this Litigation and for a period of one year following final resolution of this Litigation, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this Litigation, the filing of a notice of appeal or any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

18.   The City is hereby prohibited from disclosing any document or information that the City contends would be protected from disclosure in discovery in this proceeding by the attorney-client privilege, the work product doctrine, or both, to anyone in response to a Freedom of Information Act request pursuant to Ark. Code 25-19-105(b)(8) until after this Litigation has been finally determined and concluded.  Any party to this Litigation, however, may contest the City's designation of material as privileged or covered by work product during this Litigation. This prohibition on disclosure does not protect City material created before this case was filed; that material is subject to the Arkansas Freedom of Information Act, and may be disclosed, notwithstanding any claim of attorney-client privilege or work product protection.

SIGNED this ____*15th*____ day of ____*February*_____, 2016.


_____
UNITED STATES DISTRICT COURT JUDGE

APPROVED AND AGREED TO BY:

**GIBSON & KEITH, PLLC**
    */s/ C. C. Gibson, III*
C.C. Gibson, III (Ark. Bar No. 81067)
E-Mail: ccgiii@gibsonandkeith.com
Lee D. Curry (Ark. Bar No. 2014153)
E-Mail: ldc@gibsonandkeith.com
119 South Main Street
Post Office Drawer 447
Monticello, AR   71657
Phone: 870/367-2438
Fax:   870/367-8306
*Counsel for City of Monticello*

**ADAMS AND REESE LLP**
    */s/ Don S. McKinney*
_Don S. McKinney (Ark. Bar No.: 95162)
Email: don.mckinney@arlaw.com
Philip A. Franco (LA Bar #5819) – *PHV*
Email: phil.franco@arlaw.com
Justin J. Boron (LA Bar #33023) – *PHV*
Email: justin.boron@arlaw.com
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Counsel for Siemens Industry, Inc.*

**LAX, VAUGHAN, FORTSON,**
**ROWE &THREET, P.A.**
*/s/ Roger D. Rowe*
Roger D. Rowe (Ark. Bar No. 85140)
11300 Cantrell Road, Suite 201
Little Rock, Arkansas 72212
Tel: (501) 376-6565
Fax: (501) 376-6666

Andrew S. Chamberlin (Pro Hac Vice)
N.C. State Bar No. 17396
Dixie T. Wells (Pro Hac Vice)
N.C. State Bar No. 26816
ELLIS & WINTERS LLP
300 North Greene Street, Suite 800
Greensboro, North Carolina 27401
Tel: (336) 217-4193
Fax: (336) 217-4198
*Counsel for Siemens AG*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

PINE BLUFF DIVISION

| | | |
|---|---|---|
| SIEMENS INDUSTRY, INC. | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO: 5:15-CV-00127 DPM-JTK |
| | * | |
| VERSUS | * | JUDGE MARSHALL |
| | * | |
| CITY OF MONTICELLO, ARKANSAS | * | MAGISTRATE KEARNEY |
| | * | |
| Defendant | * | |

**********************************

## SIGNATORY AGREEMENT TO
## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL

I, the undersigned Signatory, having read and reviewed the Stipulated Protective Order Regarding Confidential Material (herein "Protective Order") filed in the above-captioned case, hereby state and agree as follows:

1.     I am a person qualified to access or use Confidential Information that has been produced in this action pursuant to Paragraph 6 of the Protective Order.

2.     I agree to be bound by the terms of the Protective Order and comply with the obligations imposed therein.

3.     I agree to abide by the instructions and measures of the attorneys of record and parties in this action concerning the duplication of, access to, and distribution of copies of Confidential Information, except where such instruction is contrary to the Protective Order or further order of this Court.

4.      Upon receiving notice of changes to the Protective Order, I agree to comply with any such terms as modified by this Court, without being required to execute a new Signatory Agreement.

5.      I hereby consent to the jurisdiction of the Court, for the purposes of the Protective Order, during the pendency of this Litigation and for a period of one year following final resolution of this Litigation.

SIGNED this _____ day of _____, 20____.


_____
SIGNATURE

_____
Print Name and Title of Signatory

Address:

_____

_____

Phone Number:

_____




Authorized by:

_____

Documents disclosed and purpose of disclosure:

_____

_____