IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SIEMENS INDUSTRY, INC.                                          PLAINTIFF/
                                                      COUNTER-DEFENDANT

vs.                          NO. 5:15-cv-00127 DPM/JTK

CITY OF MONTICELLO, ARKANSAS                          DEFENDANT/
                                                      COUNTER-CLAIMANT

## CITY OF MONTICELLO'S BRIEF
## REGARDING STATUS OF THE CASE

        At the conclusion of the hearing held before the Court on March 8, 2016, the Court directed

counsel for the parties to submit either a stipulation or simultaneous briefs regarding the shape of

the case - that is, the claims and issues remaining to be decided - in light of the Court's order

declaring the contract at issue void for noncompliance with Ark. Code Ann. § 14-164-402(15)(D)

and dismissing the Amended Complaint of Siemens Industry.

        Since that hearing, the City has nonsuited its claims asserted against Siemens A.G., thereby

leaving only the City and Siemens Industry as parties to this case.  During a telephone conference

between counsel for the City and Siemens Industry, it became apparent that the parties disagreed on

the claims and defenses remaining before the Court in this cause.  Therefore, the City hereby

submits this Brief Regarding Status of the Case, which outlines the issues that it contends remain

to be decided and offers authority in support of its contentions.

## Style of the Case

        The only claims that remain pending for decision and/or trial in this case are the City's

claims against Siemens Industry asserted by way of amended counterclaim, R. Doc. 68.  The style

-1-

of this case should, consequently, be restyled as "The City of Monticello, Arkansas, as Plaintiff, and Siemens Industry, Inc., as Defendant".

**Claims Rendered Moot**

The claims contained in the City's amended counterclaim for breach of contract, related contract issues, and mistake have been rendered moot by reason of the fact that the contract has been declared void and unenforceable.  These include the causes of action set forth in Counts V, VI, VII, VIII and IX.  Additionally, Count II of the City's amended counterclaim (relating to the contractor licensing issue) has previously been dismissed by the Court on Siemens Industry's Motion for Partial Summary Judgment.

**Claims and Issues Remaining**

<u>Count I - Contract Void for Failure to Comply with Competitive Bidding Laws</u>

As to Count I of the City's Amended Counterclaim, the issue remaining to be resolved is the City's claim for return of the almost $7 Million advanced by the City to Siemens Industry under the void contract.  The City is entitled to recover its funds unlawfully paid out on a illegal or void contract.  *See, e.g., Town of Luxora v. Jonesboro, Lake City & E.R. Co.*, 83 Ark. 275 (1907).  Moreover, parties to a contract that is later declared void may seek restitution under a theory of unjust enrichment.  *See, e.g., Brogdon v. Exterior Design*, 781 F. Supp. 1396 (W.D. Ark. 1992).

The City's remedy on the void contract is one for restitution implied by law based on the doctrine of unjust enrichment; more specifically, for money had and received, in the amount of $6,724,912.93 paid by the City to Siemens Industry. "The doctrine [of unjust enrichment] had its origins in the action for money had and received, which was based upon the theory that there was an implied promise to pay." *Frigillana v. Frigillana*, 266 Ark. 296, 307, 584 S.W.2d 30, 35 (1979).

"The action is not dependent upon an express promise, and, as many authorities say, not even upon one implied in fact, but it is maintainable in all cases where one person has received money or its equivalent under such circumstances that, in equity and good conscience, he ought not to retain it, and, *Ex aecuo et bono*, it belongs to another." *Id*. (quoting *Patton v. Brown-Moore Lumber Co.*, 173 Ark. 128, 292 S.W. 383 (1927)); *and see Ark. Model Jury Instr.* 2445, at page 629 ("The Arkansas courts have implied in law an obligation to make restitution in the following additional contexts: void contracts, . . ."). Under Arkansas precedent, claims for relief under the theory of unjust enrichment may be heard in circuit courts and submitted to a jury. *See First Nat. Bank of DeWitt v. Cruthis*, 360 Ark. 528, 537, 203 S.W.3d 88, 94 (2005); *see, also, Fite v. Fite*, 233 Ark. 469, 345 S.W.2d 362 (1961). Finally, "[u]njust enrichment resulting from a direct payment by the claimant to the recipient ordinarily leads to a prima facie liability in the amount of the payment." *Restatement (Third) of Restitution and Unjust Enrichment* § 49 cmt. c (2011).

In response to the City's claim for restitution, Siemens Industry has asserted the affirmative defenses of *in pari delicto*, unclean hands, and *quantum meruit* (or some other variation of unjust enrichment). "The burden of proving an affirmative defense is on the party asserting it. It must be specifically pled and proven in order to be considered by the circuit court." *Entertainer, Inc. v. Duffy*, 2012 Ark. 202, 8, 407 S.W.3d 514, 519 20 (2012) (internal citations omitted). Where a party attempts to utilize an unjust enrichment defense as a set-off, Arkansas courts have classified it as an affirmative defense. *See Coleman's Service Center, Inc. v. F.D.I.C.*, 55 Ark. App. 275, 298, 935 S.W.2d 289, 302 (1996); *see, also, Feagin v. Jackson*, 2012 Ark. App. 306, 7, 419 S.W.3d 29, 33 (2012). Therefore, Siemens Industry carries the burden of proof as to its affirmative defenses, including the elements of *quantum meruit*. This is consistent with the *Restatement (Third)*, which

states, "[a]n objection that the recipient has changed position on receipt of the funds [directly paid by the claimant] - with the result that a liability to return the money would leave the recipient worse off than before - presents a related concern that is typically analyzed as an affirmative defense." *Restatement (Third) of Restitution and Unjust Enrichment* § 49 cmt. c (2011).

With respect to Siemens Industry's affirmative defense of *quantum meruit*, the City would point out that such will not lie if it appears that Siemens Industry did not deal with the City in good faith and on reasonable terms.  The Arkansas Supreme Court considers good faith to be an element of *quantum meruit*, *see Biedenharn v. Hogue*, 338 Ark. 660, 664, 1 S.W.3d 427 (1999), and has stated that "[w]hen . . . [a contract] has been executed without objection, and actual benefits received under it, all parties acting *in entire good faith*, the law is maintained and the ends of justice subserved by allowing compensation on the *quantum meruit* or the *quantum valebat* for the reasonable value of the benefits received under it."  *Tallman v. Lewis*, 124 Ark. 6, 186 S.W. 296, 298 (1916)(Emphasis Supplied).

This concept is also embodied in the *Restatement (Third) of Restitution and Unjust Enrichment*, which provides excellent guidance on these issues. "Restitution under this section [regarding incapacitated recipients] is available *only to a person who has dealt with the recipient in good faith on reasonable terms*."  *Restatement (Third) of Restitution and Unjust Enrichment* § 33(2) (2011)(Emphasis Supplied).   It would also be noted that "[i]n  the  context of municipal contracting, . . . notice of incapacity is inconsistent with good faith, because the restitution claim may not be intentionally employed as a means either to circumvent procedural requirements or to expand  the  scope  of  municipal authority."   *Restatement (Third) of Restitution and Unjust Enrichment* § 33 cmt. f (2011).  The following illustration from the *Restatement* is instructive here:

-4-

City contracts with Contractor to make extensive repairs to its water system without soliciting competing bids. City lacks authority to contract in this manner for any expenditure exceeding $10,000. To disguise City's circumvention of bidding requirements, Contractor's work is invoiced as six separate projects at a cost of $9000 each, for a total of $54,000. The work is performed, but the fact of the illegality comes to light before Contractor's invoices are paid. The reasonable value of the work is $30,000. City has obtained a benefit in the amount of $30,000, but Contractor has no claim in restitution.

*Restatement (Third) of Restitution and Unjust Enrichment* § 33 cmt.f, illus. 22 (2011).

For these reasons, Siemens Industry may be barred from recovering the reasonable value of the goods and services provided under *quantum meruit*, and the City may recover the entire amount of its advanced payment, if the proof shows that Siemens Industry knew of the City's incapacity to enter into the contract.

Counts III and IV - Fraudulent Misrepresentation

The primary disagreement between the parties that precluded them from reaching a stipulation on this report was their disagreement over the survival of Count III (for fraudulent misrepresentation of the contracting party) and Count IV (for fraudulent misrepresentation of the water meter accuracy test results). Siemens Industry's position appears to be that there can be no claim for fraud in the inducement where the underlying contract has already been declared void. However, Arkansas' courts have specifically permitted assertions of deceit/fraud[1] to be coupled with claims for restitution (such as that being sought by the City here) as opposed to with claims for compensatory damages.

The Arkansas Supreme Court has stated:

Contemporary thinking seems to be departing from the old conceptual thinking

---

[1] The elements of fraud in the inducement and deceit are the same. *See AMI* 2433, *cf.* AMI 402.

involved in election doctrine. With the contemporary concern chiefly to avoid duplicated remedies, some courts have flatly said that restitution and punitive damages should be permitted." Dan B. Dobbs, *Law of Remedies,* 9.4 (2d ed. 1993). Among the cases cited for that statement is *Thomas Auto Co. v. Craft,* 297 Ark. 492, 763 S.W.2d 651 (1989) . . . . *Thomas Auto Co.* allowed for recovery of punitive damages on condition that there be a showing of all the elements of the tort of deceit. That, of course, would not duplicate either compensatory damages or restitution. We conclude that a defrauded party may recover either affirmance damages or disaffirmance damages, but is prohibited from recovering both. . . . We also conclude that, in addition to either affirmance or disaffirmance remedies, a defrauded party may recover consequential damages and punitive damages, depending on the facts of each case.

*Smith v. Walt Bennett Ford, Inc*., 314 Ark. 591, 602-603, 864 S.W.2d 817, 824-825. (1993).

Given that restitution and punitive damages are consistent and do not pose any risk of double recovery for the same injury to the City, the claims for fraud survive the Court's grant of the City's motion for partial summary judgment.

## Attorney's Fees - Ark. Code Ann. §16-22-308

If the City, after all issues are decided and final judgment is rendered herein, may be determined the prevailing party in defending the claims of Siemens Industry for breach of contract, the City reserves the right to request an award of its attorney's fees pursuant to Ark. Code Ann. §16-22-308. *See 2200 Commercial Street Warehousing, L.L.C. v. Hastings Development Co., Inc*., 98 Ark. App. 316, 319, 255 S.W.3d 488, 490 (2007) (". . . [T]he determination of which party has prevailed cannot be made until all the issues are decided and a final judgment is rendered.").

## Outstanding Discovery

At the March 8, 2016 hearing, the Court set a deadline for Siemens Industry to respond to three discovery requests of the City, as outlined by the Court's order, *see* R. Doc. 92. Siemens Industry provided those responses on March 24, 2016, which are attached hereto as Exhibit 1. In a phone conference between the parties on March 21, it was agreed that the City and Siemens

Industry would address a discovery dispute over Siemens Industry's relevancy objection to Request for Production No. 42 in this brief.  Having received the actual supplemental responses from Siemens Industry, the City is now compelled to address deficiencies in all three responses.

Siemens Industry's supplemental response to <u>Interrogatory No. 3</u> is not verified, as required by FRCP 33.  In its supplemental response, Siemens Industry identifies only representatives of the City as the individuals that "decided" the contract did not need to be competitively bid.  Siemens Industry's narrow construction of this request circumvents the clear intent of the information sought by the interrogatory and the Court's order, which was stated in the joint report to include ". . . the identities of Siemens Industry employees who investigated Arkansas performance contracting and competitive bidding statutes . . ." in reaching the decision to advise the City to utilize the performance contracting approach in lieu of competitive bidding.  R. Doc. 90 at page 2.  While it strains logic and reason to believe that no one with Siemens Industry advised Tony Ardillo as to the application of the competitive bidding exception, and while such a position appears to contradict the several email chains and legal memoranda identified in Siemens Industry's privilege log discussing Arkansas municipal performance contracting legislation prior to the contract's execution, if Siemens Industry's position is that none of its employees or agents made such investigations, it should be required to state that under oath in a verified response to Interrogatory No. 3.

With regard to <u>Request for Production No. 42</u>, Siemens Industry has objected to the production ordered by the Court contending that the fraudulent inducement claims do not survive the Court's ruling declaring the contract illegal and void.  The City disagrees, because Counts III and IV do survive the ruling, as explained above.  The City further disagrees with Siemens Industry because the request remains reasonably calculated to lead to the discovery of admissible evidence

regarding the issues of reasonable value and good faith pertaining to Count I.  Therefore, the City requests that the Court reaffirm its prior Order concerning the time line for discovery production on RFP No. 42.

With regard to <u>Request for Production No. 50</u>, Siemens Industry has stated that it does not possess any responsive documents.  The City is puzzled by this response, given that Siemens Industry made no such contention when the joint report, R. Doc. 90, was submitted.  The City is concerned that Siemens Industry has seized on the language "in the listed individuals' personnel files" to avoid producing responsive compliance reports or investigations that concern the listed individuals.  The City asks the Court to broaden the restriction of its earlier ruling, and order the production of compliance reports or investigations concerning the named employees, whether or not those reports ended up in an employee's personnel file.  Additionally, Siemens Industry should be directed to clarify whether or not such reports or investigations exist but are in the possession of another entity.

**<u>Conclusion</u>**

As a final note, while the City has endeavored to make this report as comprehensive as possible, it does not intend that this brief be considered to waive or in way abrogate the rights of the City  to appeal any prior rulings of the Court.  Further, by failing to address herein an argument raised by Siemens Industry in its simultaneous brief, the City does not concede the issue, and would request the opportunity to respond if the Court intends to rule on such an argument.

Respectfully submitted,

GIBSON & KEITH, PLLC
Attorneys For City of Monticello
119 South Main Street
Post Office Drawer 447
Monticello, AR   71657
Phone: 870/367-2438
Fax:    870/367-8306

By:____*/s/ C. C. Gibson, III*_____
         C. C. Gibson, III
         Ark. Bar No. 81067
         E-Mail: ccgiii@gibsonandkeith.com

By:____*/s/ Lee D. Curry*_____
         Lee D. Curry
         Ark. Bar No. 2014153
         E-Mail: ldc@gibsonandkeith.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in this case.

_____*/s/ C. C. Gibson, III*_____
         C. C. Gibson, III