UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

PINE BLUFF DIVISION

| | | |
|---|---|---|
| SIEMENS INDUSTRY, INC. | * | CIVIL ACTION |
| Plaintiff | * | NO: 5:15-CV-00127 DPM-JTK |
| VERSUS | * | JUDGE MARSHALL |
| CITY OF MONTICELLO, ARKANSAS | * | MAGISTRATE KEARNEY |
| Defendant | * | |

## SUPPLEMENTAL RESPONSES TO CERTAIN DISCOVERY REQUESTS PROPOUNDED BY THE CITY OF MONTICELLO TO SIEMENS INDUSTRY, INC.

Defendant, Siemens Industry, Inc. ("Siemens Industry"), submits these supplemental responses to Interrogatory No. 3 and Requests for Production Nos. 42 and 50 by the City of Monticello ("City") pursuant to the Court's February 17, 2016 and March 9, 2016 orders.

**Interrogatory No. 3:**

State each and every legal basis for which you contend that the contract at issue in this suit was exempt from the Arkansas competitive bidding statutes, and for each legal basis, state each and every fact you contend supports that basis, and state the name, address and phone number of each and every person who made the decision that the contract did not have to be let for competitive bid.

**Court Order on Interrogatory No. 3.**

Siemens Industry must identify those, if any, who decided the contract didn't need to be competitively bid. This is relevant information. Any underlying communications with counsel, however, are privileged.

**Supplemental Response to Interrogatory No. 3:**

Siemens Industry objects to this interrogatory to the extent that it seeks to discover information and material protected by the attorney client privilege. Subject to and without waiving the above objection and assertion, Siemens Industry states that Anthony Ardillo discussed differences between conventional bidding and performance contracting in a power point presentation to the City. Subsequently, Mayor Allen Maxwell, Whit Barton, Joe Meeks, Cedric Leonard, Raymond Hubbard, Al Peer, Carolyn Brown, and Claudia Hartness decided the contract did not need to be competitively bid.

**Request for Production No. 42:**

Attach to your responses hereto true, correct and complete copies of all complaints and other accusatory documents filed against you in any court or other legal tribunal anywhere at any time in the last 10 years, and provide the same information for your parent company (including Siemens AG) and affiliate companies. Only the complaint and other accusatory documents initiating the claim(s) are hereby requested.

**Court Order on Request for Production No. 42 :**

Siemens Industry must produce the complaints (or similar documents) filed against it in the last ten years relating to performance contracts. The City's offer to narrow the subject, and Mr. Shamash's recollection that there are only about ten of these suits, help make this request reasonable.

**Supplemental Response Request for Production No. 42:**

Siemens Industry asserts that this request is now irrelevant based on the Court's ruling on March 9, 2016, that the contract entered into by the City and Siemens Industry is void and illegal. The City's breach of contract claims and fraudulent inducement claims cannot survive in light of the Court's ruling. Consequently, other complaints filed against Siemens Industry relating to other performance contracts are now irrelevant to any money the City contends must be returned to it pursuant to the City's remaining Count I.

**Request for Production No. 50:**

Attach to your responses hereto true, correct and complete copies of the contents of all personnel files, internal complaint and investigation files, and performance review files for or pertaining to your employees Tony Ardillo, Alicia Rosenquist, Rafiq Masters, Cory Carter, Robert Mott, Robert McMillin, Gary Grashoff, and Mark Houghteling.

**Court Order on Request for Production No. 50:**

Siemens Industry must produce any compliance report/investigation (in the listed individuals' personnel files) about creation or performance of a contract with a third party. To keep these materials confidential, though, the Court so designates them under the Protective Order, No. 91.

**Supplemental Response to Request for Production No. 50:**

Siemens Industry does not possess any responsive documents.

Respectfully submitted,

ADAMS AND REESE LLP

_____
Don S. McKinney (Ark. Bar No.: 95162)
Philip A. Franco (LA Bar #5819) (Pro Hac Vice)
Justin J. Boron (LA Bar #33023) (Pro Hac Vice)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
E-Mail: don.mckinney@arlaw.com
Counsel for Siemens Industry, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served on all counsel of record by placing same in the United States Mail or by electronic mail on the 24th day of March, 2016.

_____