IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SIEMENS INDUSTRY, INC.                                          PLAINTIFF/
                                                       COUNTER-DEFENDANT

v.                          No. 5:15-cv-127-DPM

CITY OF MONTICELLO, ARKANSAS                              DEFENDANT/
                                                        COUNTER-CLAIMANT

ORDER

**1. Reconsideration?** For two reasons, Siemens's motion is denied.

First, issues must have a stop or there'd never be any progress made in a case. The contract's validity was thoroughly briefed. The parties made extended oral argument. The Court gave its best judgment in the circumstances. Of course there's discretion to reconsider interim rulings while the case remains pending. But Siemens has offered no compelling reason for the Court to exercise that discretion and shift this case into reverse. The parties' dispute needs adjudication, not reconsideration.

Second, Siemens is mistaken on the merits. The law in the background of the parties' bargain is always part of their contract. *Ellison v. Tubb*, 295 Ark. 312, 317, 749 S.W.2d 650, 652–53 (1988). We glanced off this point during oral argument. There's simply no precedent, though, for stretching this general

principle to cover this dispute. Ark. Code Ann. § 14-164-402(15)(D), is particularized: it prescribes the required financial guarantee's possible forms and its terms; and the statute operationally defines the parties' obligations. There is no Arkansas case involving required bonds, or similar financial guarantees, where the party in Siemens's seat has successfully used the general principle now asserted to salvage a non-compliant bond or guarantee. *Compare Dover v. Henderson*, 197 Ark. 971, 978, 125 S.W.2d 798, 801 (1939) (bond principal may not rely on a variance between bond terms and statutory terms to avoid coverage required by statute) *and Detroit Fidelity & Surety Co. v. Yaffe Iron & Metal Co.*, 184 Ark. 1095, 1098, 44 S.W.2d 1085, 1086 (1932) (bond principals and sureties may not limit their liability by omitting terms required by statute). If such an effort could succeed — absent undisputed contemporaneous compliance with the statutory obligation, notwithstanding the parties' chosen terms — then this kind of statute would be empty. The party in Siemens's place could always cure after the fact and subvert the statutory purpose. Ark. Code Ann. § 14-164-402(15)(D)'s purpose is pellucid: a front-end financial guarantee of the contract's total purported efficiency savings; a guarantee in ready dollars easily reachable by the municipality in

Monticello's place; a guarantee that embodies the essential requirement for deviating from the competitive bidding legal norm.

**2. The Shape of the Case.** The Court appreciates the parties' concise and helpful papers. *№ 104 & 105.* Monticello made nine counterclaims against Siemens. *№ 68 at 11-21.* The Court granted Siemens summary judgment on Count 2. *№ 87.* The parties agree that Counts 5-9 are moot because the Court declared the underlying contract void. *№ 99.* The parties dispute whether Counts 3-4, which allege fraudulent inducement of the void contract, are moot too.

They are. Fraudulent inducement supposes something induced. The "something" in this case—the contract—never legally existed. In the law's eyes, Monticello never entered into a contract with Siemens. So there was nothing induced. Put another way, the element of reliance (an induced obligation) is missing. *Wal-Mart Stores, Inc. v. Coughlin*, 369 Ark. 365, 375, 255 S.W.3d 424, 432 (2007); RESTATEMENT (SECOND) CONTRACTS § 164 cmt. c (1981). Monticello is right that fraud may support restitution and punitive damages. *Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 602-03, 864 S.W.2d 817, 823-24 (1993). But the law requires that all the elements of fraud be

present. *Ibid.* Here an essential pillar of that claim—an induced obligation—is missing. By submitting Count 1 to the Court for summary judgment at a relatively early point, Monticello has shaped the case this way. From here on out, the case is about Siemens' equitable defenses to restitution under Count 1.

**3. Discovery Issues.** Siemens is right that request for production No. 42 no longer seeks relevant information; we're not trying a pattern of behavior on other contracts. If the parties have a dispute about interrogatory No. 3 and request for production No. 50, they should raise it by joint report. *№ 57 at 3.*

**4. Realignment of the Parties.** Monticello is right. The Court directs the Clerk to designate City of Monticello the plaintiff and Siemens Industry, Inc., the defendant.

\* \* \*

Counts 3, 4, 5, 6, 7, 8, and 9 of Monticello's amended counterclaim, *№ 68*, are dismissed without prejudice. Discovery dispute about request for production 42 addressed. Motion to reconsider, *№ 106*, denied. Request for oral argument, *№ 108*, denied. Unopposed motions to reply, *№ 112 & 113*, granted.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 May 2016